UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY ARISTILDE, : |
|           Plaintiff, : |
| : |
| v. : No. 5:26-cv-0166 |
| : |
| JOHN CAPOBIANCO, *et al.*, : |
|           Defendants. : |

**MEMORANDUM**

**Joseph F. Leeson, Jr.**                                                                                           **January 23, 2026**
**United States District Judge**

      Plaintiff Stanley Aristilde brings this *pro se* action alleging that his civil rights were violated when he was given two traffic tickets and had his license suspended.[1] He seeks to proceed *in forma pauperis*. For the following reasons, the Court grants Aristilde *in forma pauperis* status and dismisses his Complaint.

**I.    BACKGROUND**[2]

      Although the Complaint is at times difficult to understand because of the way that Aristilde has presented his claims, it is ultimately based on two traffic citations Aristilde received in Northampton County. Public dockets reflect that Officer Kyle C. Stout of the Nazareth Borough Police Department cited Aristilde for operating a vehicle without a valid inspection on

---

[1]    Aristilde previously filed an unrelated civil action where he mentioned "the loss of his driving privileges." *Aristilde v. Doe*, No. 25-2035, 2025 WL 3471704, at *2 (3d Cir. Dec. 3, 2025) (*per curiam*). Although the prior case was dismissed and that ruling upheld on appeal, the dismissal did not prejudice "Aristilde's ability to file a separate and proper complaint on these matters." *Id.*

[2]    The factual allegations are from Aristilde's Complaint, exhibits attached to his Complaint, and public dockets of which this Court may take judicial notice. *See* ECF Nos. 2, 2-1; *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

December 30, 2024, and that Aristilde was convicted of that offense on February 24, 2025, by Magisterial District Judge John C. Capobianco. *See Commw. v. Aristilde*, MJ-03208-TR-0000075-2025. He was subsequently cited by Officer Renee D. Font of the Colonial Regional Police Department for driving without a license on July 15, 2025, and found guilty of that offense by Judge Capobianco on November 12, 2025. *See Commw. v. Aristilde*, MJ-03208-TR-0001681-2025. The dockets reflect that Aristilde did not file an appeal in either case.

Aristilde describes the first citation as an "unlawful bill of attainder" and claims that the second citation was also an "unlawful bill of attainder" that was issued by mail rather than "during [an] unlawful traffic stop." Compl. at 3. He further claims that the "two unenforceable bill[s] of attainder (traffic tickets) were issued unlawfully and administered" resulting in the suspension of his license, car insurance "and traveling on public highway/byways under daily stress/conditional duress." *Id.* (cleaned up). Documents attached to the Complaint reflect that Aristilde received notice of the charges and a court summons (upon which he wrote "no contract" in red ink and submitted as "evidence of dishonor"). *See* ECF No. 2-1 at 2. Aristilde also attached an exhibit to his Complaint that reflects he was notified by the Pennsylvania Department of Transportation that his license had been indefinitely suspended due to his failure to respond to the first traffic citation, upon which he wrote, among other things, that he "will continue to travel from point A to point B" and that "private man is not an Uber driver or provide taxi service, etc," citing a provision of the Uniform Commercial Code. *Id.* at 1. Based on these allegations and exhibits he brings claims against Officers Font and Stout, Judge Capobianco, and "Dept. of Transportation, Central Communication Office." Compl. at 1–2. He seeks assorted relief including damages and various injunctions. *Id.* at 4; *see also id.* at 3 (alleging that "this issue is a known 'custom' of the 'improper administration,' which forces the traveler/claimant"

to seek injunctive relief and damages).

## II.     LEGAL STANDARDS

The Court grants Aristilde leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim.  A complaint is subject to dismissal under Section 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678; *see also Martinez v.*

*UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Aristilde is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F. 3d at 244). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). Unrepresented litigants "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III. DISCUSSION

Aristilde predominately relies upon 42 U.S.C. § 1983 as the basis for his Complaint. He also cites legal provisions that are inapplicable, do not support a civil cause of action, or are legally irrelevant. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"); *Colon-Montanez v. Pa. Health. Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (*per curiam*) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon– Montanez."); *see also Campbell v. LVNV Funding, LLC and Resurgent Cap. Servs.*, No. 21-5388, 2022 WL 6172286, at *7 n.10

(E.D. Pa. Oct. 7, 2022) (stating that a "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other" (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) *cert. denied*, 513 U.S. 946 (1994))).  Further, Aristilde invokes sovereign-citizen-style arguments and concepts that courts have repeatedly recognized bear "'no conceivable validity in American law' and are patently frivolous." *United States v. Crawford*, No. 18-3149, 2022 WL 2712868, at *1 (3d Cir. July 13, 2022) (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)); *see also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).[3]  To the extent Aristilde relies on these concepts and legal sources, his claims are frivolous.

Turning to Aristilde's § 1983 claims, § 1983 is the vehicle by which such claims may be brought against state actors in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Even liberally construing Williams's allegations, he has not alleged a plausible basis for a claim against any of the named Defendants.

A.     **Claims Against DOT**

States are not considered "persons" who may be liable under § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989).  Furthermore, the Eleventh Amendment of the

---

[3]     [Courts] have repeatedly rejected [sovereign citizens'] theories of individual sovereignty, immunity from prosecution, and their ilk. . . . Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. . . . These [sovereign-citizen] theories should be rejected summarily, however they are presented.
*United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (citations omitted).

United States Constitution bars suits against a state and its agencies in federal court when the state has not waived that immunity, *id.*, and the Commonwealth of Pennsylvania has not waived that immunity. See 42 Pa. Cons. Stat. § 8521(b). "The Pennsylvania [DOT] is a state agency." *Nails v. Pa. Dep't of Transp.*, 414 F. App'x 452, 455 (3d Cir. 2011) (citing 71 P.S. § 61) (barring suit against the Pennsylvania DOT based on Eleventh Amendment immunity). The DOT, as a department of the Commonwealth, shares in the Commonwealth's immunity and is likewise not a "person" for purposes of Section 1983. *Warner v. Pennsylvania*, 569 F. App'x 70, 72 (3d Cir. 2014) (*per curiam*) ("[T]he District Court properly determined that the Commonwealth of Pennsylvania and the Pennsylvania Department of Transportation were immune from [the plaintiff's] suit."). The Court dismisses Aristilde's claims against the DOT.

    In any event, it is apparent from Aristilde's exhibits and the public record that any due process claim predicated on the suspension of his license fails because he did not avail himself of the state appellate process. *See Doheny v. Pennsylvania*, 781 F. App'x 106, 113 (3d Cir. 2019) ("While the Fourteenth Amendment's Due Process Clause applies to the deprivation of a driver's license, a post-deprivation hearing and appeal process satisfy due process," and "to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her.... Thus, the [plaintiff's] failure to take advantage of that process means it cannot claim a constitutional injury."); *Mendoza v. Meisel*, 270 F. App'x 105, 107 (3d Cir. 2008) (*per curiam*) (explaining that even if the "Commonwealth of Pennsylvania had no legal basis for suspending his license, [the plaintiff] had various remedies that he could have pursued to retrieve his license, including an application for reinstatement").

6
012326

### B.    Claims Against Judge Capobianco

The Court understands Aristilde's claims against Judge Capobianco to concern the Judge's ruling on the traffic matters in which Aristilde was a defendant.  Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge."  *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"  *Figueroa v. Blackburn*, 208 F.3d 435, 443–44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  Aristilde's claims clearly arise from decisions and rulings made in Judge Capobianco's judicial capacity while exercising his authority over cases to which he was assigned as a Pennsylvania Magisterial District Judge. Therefore, absolute judicial immunity bars Aristilde's claims against Judge Capobianco.

### C.    Claims Against Officers Font and Stout

#### 1.  Right to Travel Claims

The Court understands Aristilde brings claims based on an alleged infringement of his right to travel.  The United States Supreme Court has explained that the right to travel "protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Saenz v. Roe*, 526 U.S. 489, 500 (1999).  However, the existence of

"a constitutional right to travel . . . does not restrict the State from regulating the use of its roads as a matter of its police powers." *Knox v. Pcobasco*, No. 86-2367, 1986 WL 6310, at *1 (E.D. Pa. June 4, 1986) (citing *United States v. Guest*, 383 U.S. 745, 759 n.17 (1966)); *see also Carroll v. City of Phila.*, No. 87-0592, 1989 WL 114721, at *4 (E.D. Pa. Sept. 29, 1989) ("It is well established that the police powers constitutionally permit regulation of vehicles traveling the public roadways."), *aff'd*, 908 F.2d 961 (3d Cir. 1990).  Nothing in Aristilde's Complaint implicates his right to interstate travel, so the Court dismisses this claim as frivolous.  *See Aikens v. New Castle Cnty. Police Dep't*, No. 21-350, 2021 WL 5051145, at *4 (D. Del. Nov. 1, 2021) (dismissing with prejudice a right to travel claim when the plaintiff was detained for thirty minutes while receiving a traffic ticket because the plaintiff's allegations did not suggest infringement on interstate travel). Aristilde fails to state a claim against the Officers based upon his right to travel.

### 2. Fourth Amendment Claims

Liberally construing the Complaint, it is possible that Aristilde is intending to pursue Fourth Amendment claims against Officers Stout and Font given his reference to an "unlawful traffic stop."  Compl. at 3; *see Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.").  The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.  It is well-settled that the temporary detention of an individual during a traffic stop is a "seizure" of "persons" under the Fourth Amendment.  *Whren v. United States*, 517 U.S. 806, 809–10 (1996).  However, traffic stops "may be initiated based on a reasonable suspicion that a traffic violation has occurred." *United States v. Green*, 897 F.3d 173, 178 (3d Cir. 2018) (citing

*Navarette v. California*, 572 U.S. 393 (2014); *United States v. Delfin-Colina*, 464 F.3d 392, 396-97 (3d Cir. 2006) (adopting reasonable suspicion, not probable cause, as the applicable standard)). Where police have directly witnessed a traffic violation, a traffic stop is a reasonable seizure under the Fourth Amendment. *See United States v. Moorefield*, 111 F.3d 10, 12 (3d Cir. 1997) ("[A] traffic stop is lawful under the Fourth Amendment where a police officer observes a violation of the state traffic regulations.").[4] Nothing in Aristilde's Complaint describes the circumstances of his traffic stops or provides details from which the Court could infer that the stops violated the Fourth Amendment. Accordingly, he fails to state a Fourth Amendment claim against the Officers.

## IV.  CONCLUSION

For the foregoing reasons, the Court grants Aristilde leave to proceed *in forma pauperis* and dismiss his Complaint. Aristilde's pending motions seeking assorted relief including the restoration of his driving privileges are denied. Considering all of Aristilde's filings together, which are composed primarily of sovereign citizen-style language and arguments, the Court concludes that amendment would be futile.

An appropriate Order follows.

> BY THE COURT:
>
> */s/ Joseph F. Leeson, Jr.*
> JOSEPH F. LEESON, JR.
> United States District Judge

---

[4]  An officer's subjective reason for making a traffic stop plays no role in the reasonable suspicion analysis. *See Whren*, 517 U.S. at 812–13; *United States v. Yusuf*, 993 F.3d 167, 183 n.13 (3d Cir. 2021). As the United States Court of Appeals for the Third Circuit has explained, the United States Supreme Court established a "bright-line rule that any technical violation of a traffic code legitimizes a stop, even if the stop is merely pretext for the investigation of some other crime." *United States v. Mosley*, 454 F.3d 249, 252 (3d Cir. 2006) (citing *Whren*, 517 U.S. 806); *see also United States v. Wilson*, 960 F.3d 136, 145 (3d Cir. 2020) (noting that a technical violation of a traffic code legitimizes a stop and pretext is "irrelevant" to the analysis).